IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney L. Cogdell, | ) | C/A No. 8:10-105-JFA-BHH |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Rodney L. Cogdell, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–433, 1381–1383c.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that the Commissioner's decision should be reversed and remanded because it is not conclusive that the Administrative Law Judge's (ALJ) decision to deny benefits was supported by substantial evidence. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Recommendation which was filed on December 20, 2010. The Commissioner has filed timely objections to the Report which the court will address herein. It thus appears this matter is ripe for review.

## PROCEDURAL HISTORY

The plaintiff applied for DIB in March 2004 alleging disability as of April 11, 2006[2] due to the residual effects of a stroke, high blood pressure, chest pain, gastrointestinal reflux disease (GERD), and emphysema. The plaintiff also has a history of depression, anxiety, chronic obstructive pulmonary disease (COPD), and borderline intellectual functioning. The plaintiff was 40 years old at the time of the ALJ's 2009 decision. He has an 8th grade education and has past work as a car detailer, pizza delivery driver, and dump truck driver.

The plaintiff's application was denied initially and on reconsideration. The ALJ's decision of July 14, 2008 (finding no disability) was remanded by the Appeals Council on November 25, 2008 because the ALJ had not allowed plaintiff to examine and comment on the vocational expert's (VE) responses to the ALJ's interrogatories. A new hearing was held before the ALJ on February 5, 2009, and the ALJ again found that the plaintiff was not disabled. The Appeals Council denied the plaintiff's request for review and the plaintiff sought judicial review of that decision in this court on January 15, 2010.

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored "to determining whether the findings are supported by

---

[2] At the hearing before the ALJ, the plaintiff amended his alleged onset date from September 9, 2003 to April 11, 2006.

2

substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966)). In assessing whether there is substantial evidence, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2004). This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments

3

listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform [his or] her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *See Walls*, 296 F.3d at 290. This determination requires a consideration of "whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

DISCUSSION

*The ALJ's Findings*

In his decision of February 5, 2009, the ALJ determined at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 11, 2006. At steps two and three, the ALJ found plaintiff's depression, anxiety, COPD, and borderline intellectual functioning were "severe" impairments, but that his combination of impairments

4

did not satisfy any Listing at 20 C.F.R. pt. 404, subpt. P, app. 1. Prior to determining whether plaintiff could perform his past relevant work, the ALJ assessed his residual functional capacity (RFC) by evaluating the medical evidence and his subjective complaints. The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments were not entirely credible. After considering all the evidence, the ALJ found plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: he must avoid concentrated exposure to fumes; can perform only simple 1-2 step tasks. He requires a low stress work environment, defined as the inability to do production work requiring high volume of speed or volume; and is limited to occasional contact with coworkers. The ALJ also found that the plaintiff was capable of performing past relevant work as a dump truck driver, which requires medium exertion, is unskilled, and has a SVP of 2. Thus, the ALJ concluded that the plaintiff was not disabled.

*The Plaintiff's Argument*

At issue in this case are four discrete aspects of the disability analysis. The plaintiff contends that the ALJ erred: (1) by failing to find that his low cognitive function in combination with other impairments, meets and/or equals the criteria of Listing 12.05C; (2) in rejecting the plaintiff's treating physicians' medical source statements in violation of 20 CFR § 404.1527; (3) in the RFC analysis; and (4) in failing to find the plaintiff credible.

*The Magistrate Judge's Report and Recommendations*

In a thorough and comprehensive Report and Recommendation, the Magistrate Judge agrees with the plaintiff on issues (2), (3), and (4) above. She concludes that the ALJ's decision should be reversed and remanded for further explanation. With regard to the cognitive function issue, the Magistrate Judge finds fault with some of the ALJ's analysis, but determines, at bottom, that a remand is not called for on this ground. As to the remaining grounds, however, the Magistrate Judge is of the clear opinion that the ALJ erred and that the action should be reversed.

The Magistrate Judge recommends that the Commissioner's decision be reversed and remanded for a reconsidered treatment of the plaintiff's credibility and further on the matter of plaintiff's somatization. The Magistrate Judge then declines to reach the plaintiff's other objections relating to the ALJ's credibility analysis noting that the entire matter should be reopened.

## DISCUSSION

*Treating Psychiatrists' Statements*

Regarding the plaintiff's contention that the ALJ improperly rejected the opinions of plaintiff's two treating psychiatrists, Drs. Kazagli and Wiley, the Magistrate Judge first observes the well settled law that the medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.

After carefully reviewing the record, the Magistrate Judge points out that the

Commissioner's defense of the ALJ's decision in this respect is "notably brief" and then determines that the ALJ improperly rejected the opinions of these two physicians without an explanation. The court agrees with the Magistrate Judge's conclusion on this issue.

*RFC Analysis*

Regarding the RFC analysis, the Magistrate Judge observes that as a result of the recommendation concerning the treating physicians' reports, the RFC assessment will necessarily be reopened regardless of the plaintiff's additional complaints about it. The court sees no need, therefore, to address the RFC analysis at this juncture.

*Credibility Analysis*

Finally, as to the plaintiff's credibility, the ALJ found that the plaintiff was not credible because his physicians had noted "functional overlay"; that he had an "exaggerated pain response"; that he "used medication improperly; and a physician once wondered whether the plaintiff's pain was about "drug-seeking" or "psychogenic problems."

The Magistrate Judge suggests that since the case should be remanded for a reconsidered treatment of the plaintiff's credibility for other reasons, the matter of the plaintiff's somatization should be more clearly discussed in any future decision of the ALJ.

In response to the Report, the Commissioner has lodged an objection memorandum which essentially restates the arguments made to, and rejected by the Magistrate Judge. After carefully reviewing the record, the court is of the opinion that the Magistrate Judge's recommended disposition is correct in this case and that all objections should be overruled. Having conducted the required *de novo* review of the issues to which the Commissioner has

7

objected the Court finds no basis for disturbing the Report.

## CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the Commissioner's objections thereto, this court finds that the ALJ's decision was not supported by substantial evidence and that the ALJ did not incorrectly apply the law in his decision. The court adopts the Magistrate Judge's Report and Recommendation in full.

Accordingly, the Commissioner's decision is reversed and remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings set forth above and as noted in the Report and Recommendation.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

March 22, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge